# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

**MICHAEL SCOTT**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**BIG CITY BURRITO, LLC**, a Colorado limited liability company, and **BIG CITY HOLDINGS, INC. d/b/a BIG CITY BURRITO**, a Colorado corporation,

    Defendants.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff Michael Scott brings this class action complaint against Big City Burrito, LLC and Big City Holdings, Inc. (collectively "Big City Burrito") to stop Big City Burrito's practice of making unsolicited text message calls to his cellular telephone and the cellular telephones of other persons, and to obtain redress for all persons injured by such conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I.     NATURE OF THE ACTION

1.     Big City Burrito owns at least 9 quick-service burrito restaurants. In an effort to promote the sale of its food, Big City Burrito engages in the practice of sending

1

unauthorized advertisements in the form of "text message" calls to consumers' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TPCA").

2. By effectuating the text message calls and wireless spam at issue in this Complaint, Big City Burrito has caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text message calls, the monies paid to their wireless carrier for the receipt of such messages, the invasion of their privacy, and the violation of their statutory right to not receive such messages.

3. Big City Burrito sends these text messages despite the fact that neither Plaintiff nor the other members of the putative Class ever provided prior express consent to receive the messages.

4. In response to Big City Burrito's unlawful conduct, Plaintiff brings the instant lawsuit seeking an injunction requiring it to cease all unsolicited text message sending activities, a declaration that its conduct violates the TCPA, and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## II. PARTIES

5. Plaintiff Michael Scott ("Plaintiff" or "Scott) is a resident of Colorado.

6. Defendant Big City Holdings, Inc. is a corporation organized and existing under the laws of the state of Colorado with its principal place of business in Colorado.

Big City Holdings, Inc. is the owner of the trade name "Big City Burrito." Its registered agent is George Lee, one of the founders of Big City Burrito.

7.  Defendant Big City Burrito, LLC is a limited liability company organized and existing under the laws of the state of Colorado with its principal place of business in Colorado. Like Big City Holdings, Inc., Big City Burrito, LLC's registered agent is George Lee, one of the founders of Big City Burrito.

8.  Big City Burrito owns quick-service mission-style burrito restaurants. It was founded in 1994 and currently has locations throughout Colorado and at least one location in Nebraska. Big City Burrito previously had a location in Honolulu, Hawaii, but it now appears to be closed.

### III.   JURISDICTION AND VENUE

9.  This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

10.  The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and is headquartered within this District. Additionally, Plaintiff resides in this District and received unsolicited text messages from Defendant in this District.

### IV.   COMMON FACTUAL ALLEGATIONS

11.  In recent years, marketers have engaged in a relatively new type of marketing campaign by advertising through SMS messages. SMS allows cellular

telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters per message.

12.     An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is made, the recipient's cell phone rings or vibrates, alerting him or her that a call is being received.

13      Unlike other forms of advertising, text message calls cost recipients money and/or data, because cell phone users frequently pay their wireless service providers either for each text message call received or for a text message plan that includes a number of messages, regardless of whether or not the message is authorized. Likewise, cellphone owners pay for their data, which may suffer a reduction in available memory by virtue of unauthorized text messages. Additionally, unsolicited text messages like those at issue in this Complaint are annoying, harassing, and violate the consumer's right to privacy.

14.     Big City Burrito directed and continues to direct the transmission of wireless spam to the cell phones of person it hopes are potential customers. In sending the wireless spam at issue, Big City Burrito and/or its agents utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Big City Burrito and/or its agents has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to send wireless spam to those numbers, *en masse*, in an automated fashion without human intervention.

15. For example, on December 18, 2014 at 8:04 a.m., Plaintiff's cell phone (registered with the phone number ending in the last four digits 8209) rang, indicating that a text call was received.

16. The body of the text message, received from the number 801-590-3279, stated:

> Happy Holidays from Big City Burrito! New Holiday Gift Cards are Here! Buy $25 or more before 12/31 & receive a FREE Burrito Coupon for your next visit

17. Five minutes later, at 8:09 a.m. on December 18, 2014, Plaintiff Scott wrote back:

> Please stop spamming me with these silly texts. I will never patronize your business because of them.

18. Almost instantaneously, Plaintiff's cell phone rang again, indicating that a text call was received. It was another message from Big City Burrito, this time thanking him for the message. The message read:

> Thanks for the message! We hope you enjoy our new loyalty program powered by FavoriteEats. Text STOP to unsubscribe.

19. It did not stop there—Plaintiff received at least one text message call in January 2015 despite the fact that he unambiguously told Big City Burrito on December 18, 2014 that he did not wish to receive any more messages. On January 27, 2015, Plaintiff received a text message call from the number 801-396-9629 (a different number than the December text message calls) that read:

> Big City Burrito! Get ANY Reg Burrito & 21oz Drink for ONLY $6! Breakfast Burritos Served ALL Day! Valid 1/27 Only w/Text @ 136th/I-25. Voted #1 Burrito-2014

21. At no time did Plaintiff consent to the receipt of the above-referenced wireless spam text messages from Big City Burrito. Moreover, Plaintiff clearly revoked consent to receiving additional text calls on December 18, 2014 when he responded to Big City Burrito's wireless spam by telling them to stop sending him the texts.

22. On January 13, 2015, Plaintiff's counsel sent a letter via electronic mail and U.S. mail to Big City Burrito regarding the text message calls Plaintiff had received, specifically asking Big City Burrito to explain how it had obtained Plaintiff's phone number or consent to send him text messages. (See January 13, 2015 Letter, attached as Exhibit A.) Neither Plaintiff nor his counsel received any response.

## V. CLASS ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Rule 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure of behalf a Class consisting of:

> **Class:** All persons in the United States and its Territories who received one or more text message advertisements sent by or on behalf of Big City Burrito from October 2013 to the present where Big City Burrito does not have written proof of consent to send text message solicitations.
>
> **Opt Out Subclass (the "Subclass"):** Any and all persons in the Class who received one or more additional text messages from Big City Burrito after they sent text messages to Big City Burrito instructing Big City Burrito to stop sending them text messages.

Excluded from the Class and Subclass are 1) any Judge or Magistrate presiding over this action and their family members; 2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants have a controlling interest, and their current or former officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Class; and 4) the legal

6

representatives, successors or assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the class definition following appropriate discovery.

24. Members of the Class and Subclass are so numerous that joinder of all members is impracticable. While the exact number of Class and Subclass members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Big City Burrito sent unsolicited text calls to hundreds if not thousands of persons. Members of the Class and Subclass can readily be identified from Big City Burrito's records, and all Class members can be notified of the pendency of this action by mail and publication, using forms of notice similar to those customarily used in consumer class action lawsuits.

25. Common questions of law and fact exist as to all members of the Class and Subclass for which this litigation will provide common answers (based upon common proof and evidence). Such questions include, without limitation:

   A. Whether the wireless spam Big City Burrito distributed and continues to distribute violates the TCPA;

   B. Whether the texts at issue in this case were sent without consent and whether common evidence can be used to demonstrate the absence of consent;

   C. Whether the texts were sent using an Automatic Telephone Dialing System ("ATDS");

   D. Whether the Class members are entitled to treble damages based on the willfulness of Big City Burrito's conduct;

   E. Whether the conduct described above violates the Class's right to privacy;

   F. Whether Big City Burrito has acted in ways generally applicable to the Class as a whole; and

      G.    Whether Plaintiff and the Class members are entitled to relief, and the nature of such relief.

26. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class members all received unauthorized text message calls to their cell phones. As such, Plaintiff and the Class members have suffered similar harm as a result of substantially similar conduct.

27. Plaintiff has retained counsel competent and experienced in class and consumer litigation and intends to vigorously prosecute this action. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel. Plaintiff is a member of the proposed class and has no interests that are contrary to or in conflict with those of the Class that Plaintiff seeks to represent.

28. Big City Burrito has acted or refused to act on grounds generally applicable to the Class as a whole making declaratory and injunctive relief appropriate. Specifically, Big City Burrito has placed text calls to cellphones in the same way, using the same equipment, and failed to first obtain prior express consent in the same way.

29. At the same time, or in the alternative, a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The common questions set forth above predominate over any questions solely affecting individual members of the Class. Indeed, hundreds or potentially thousands of individual trials are unnecessary to determine the legitimacy and legal sufficiency of Big City Burrito's practices described herein, which Big City Burrito applied uniformly to the

Class and Subclass. A single trial is more economical and efficient with respect to adjudicating the legality of Big City Burrito's practices.

30.     Given the limited resources of Class members, the complexity of the issues involved in this action, and the size of individual Class members' claims, few, if any, Class members could afford to seek legal redress individually for Big City Burrito's actions. When Big City Burrito's liability has been adjudicated, claims of all members of the Class can readily be determined by the Court. The class action will cause an orderly and expeditious administration of the Class claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured. Without a class action, the Class and Subclass members will continue to suffer damages and Defendants' wrongful conduct will continue without a real remedy or a deterrent. Plaintiff knows of no difficulty that will be encountered in the management of this action that would preclude its maintenance as a class action. Much of the information needed for administrative purposes relative to the identity of the Class and calculation of damages are available from Defendant through its computerized records and databases.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227 *et seq.***
**(On behalf of Plaintiff and the Class)**

31.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32.     Big City Burrito made unsolicited commercial text calls, including the messages to Plaintiff described above, to the wireless telephone numbers of the Plaintiff and the Class. Each such text message call was made using equipment that, as

discovery will show, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, without human interference. By using such equipment, or combining such equipment with other dialing equipment, including all associated software or hardware, Big City Burrito utilized ATDS, as that term is understood under the TCPA, and was able to effectively send hundreds or perhaps thousands of text message calls simultaneously to lists of hundreds or perhaps thousands of wireless phone numbers of consumers without human intervention.

33. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

34. Big City Burrito has therefore violated the TCPA. As a result of Big City Burrito's conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the text messages and lost data and, under section 227(b)(3)(B), are each entitled to a minimum of $500.00 for each violation of such act plus costs and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION
### Willful Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Class)

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. Big City Burrito knew or should have known that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, or acted with reckless indifference as to whether Plaintiff had consented. As such, the Court should, pursuant

to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class in addition to awarding actual damages in lost money and data plus costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Opt Out Subclass)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Big City Burrito contacted Plaintiff after Plaintiff had sent a message telling Big City Burrito to stop sending him text messages.

39. Big City Burrito failed to program its text messaging platform to accept customer responses containing instructions to stop. By doing so, Big City Burrito violated the TCPA with respect to the Plaintiff and the Opt Out Subclass members, which requires businesses to honor opt out requests.

40. As a result of Big City Burrito's conduct, the members of the Opt Out Subclass suffered actual damages by having to pay their respective wireless carriers for the text messages and lost data and, under section 227(b)(3)(B), are each entitled to a minimum of $500.00 for each violation of such act plus costs and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Scott, on behalf of himself and the Class and Subclass, prays for the following relief:

1. An order certifying the Class and Subclass as defined above, appointing Plaintiff as Class Representative and his counsel as Class Counsel;

2. Judgment on Counts I and II in favor of Plaintiff and the Class and in favor of Plaintiff and the Opt Out Subclass on Count III;

3. An award of actual and statutory damages;

4. An award of treble damages on Count II;

5. A declaration that Big City Burrito's text messaging violates the TCPA and an injunction requiring Big City Burrito to cease all unsolicited wireless spam conduct described herein;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 9, 2015        Respectfully submitted,

**MICHAEL SCOTT**, individually and on behalf of all others similarly situated,

  /s/ Patrick H. Peluso
    One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com

Woodrow & Peluso, LLC
3900 E Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 970.673.9075
Fax: 303.927.0809

*Attorneys for Plaintiff and the Putative Class*